# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DAVID NELSON,                    )
                                 )
        Plaintiff,                )
                                 )
v.                               )   Case No. CIV-12-284-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
        Defendant.                )

## OPINION AND ORDER

Plaintiff David Nelson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 3, 1965 and was 46 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade and obtained a high school equivalency. Claimant also completed a nine month vocational training program in computerized accounting. Claimant worked in the past as a truck driver. Claimant alleges an inability to work beginning July 30,

2010 due to limitations resulting from bipolar disorder, obsessive compulsive disorder, depression, anxiety, and explosive disorder with panic attacks. Claimant also asserts he suffers from diabetes with neuropathy, hearing loss, sleep problems, fatigue, back pain, knee pain, and foot pain.

**Procedural History**

On July 23, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 4, 2011, an administrative hearing was held before ALJ Michael Kirkpatrick in McAlester, Oklahoma. On November 17, 2011, the ALJ issued an unfavorable decision. On May 26, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all

exertional levels but with a non-exertional limitation.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinions of two state agency physicians; and (2) reaching an RFC which is not supported by substantial evidence. Claimant also alleges that the Appeals Council erred in failing to properly weigh the opinion of his treating physician as well as other additional mental health treatment records submitted to the Council.

**Consideration of Opinion Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of intermittent explosive disorder; bipolar disorder, NOS; mood disorder, NOS; and polysubstance dependence. (Tr. 21). The ALJ determined Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitation that he perform simple, unskilled tasks. (Tr. 24). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of a general laborer, industrial cleaner, and inspector, food production, which he found existed in sufficient number nationally and regionally. (Tr. 32). He, therefore, concluded Claimant was not disabled. (Tr. 33).

Claimant first contends the ALJ failed to properly evaluate the

5

opinions of the state agency physicians regarding his mental functional limitations. On January 11, 2011, Dr. Deborah Hartley completed a Mental RFC Assessment form on Claimant. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 354-55). She concluded in her narrative statement that Claimant was able to perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 356).

On April 15, 2011, Dr. Susan Weeks-Farnan also completed a Mental RFC Assessment on Claimant. She concluded Claimant was moderately limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to work in coordination with or proximity to others without being distracted by them, the ability to interact appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and the ability to respond appropriately to changes in the work setting.

6

(Tr. 407-08).

In the narrative section of the form, Dr. Weeks-Farnan gave a detailed explanation of her findings. She found Claimant retained the ability to understand and remember simple instructions. He could be expected to function adequately and maintain focus in a stable work environment and in a position with mostly solitary responsibilities. She also found Claimant could function adequately in a stable work environment in a position requiring minimal or no contact with the public. Claimant should also be able to adjust with encouragement in a stable work environment. (Tr. 409).

The ALJ referenced Exhibit 9F, 14F, and 15F in stating he must consider the opinions of state agency consultants and state the weight given to them. He also wrote that the state agency reviewing psychologists found Claimant retained the ability to perform simple, repetitive tasks. He gave these opinions "great weight," finding them "well supported by the evidence as a whole." (Tr. 29). Exhibit 9F is a physical assessment by Dr. Marks-Snelling. (Tr. 358). Exhibit 14F is the mental assessment by Dr. Weeks-Farnan. (Tr. 407-10). Exhibit 15F is the physical assessment by Dr. Wainner. (Tr. 411). It does not appear from the face of his decision that the ALJ considered Dr. Hartley's opinion or the limitations she established. Additionally, the ALJ only included the restriction to simple, repetitive tasks from Dr. Weeks-Farnan's

7

opinion and did not state the basis for rejecting the remaining restrictions in her opinion.

The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall expressly consider Dr. Hartley's opinion and consider the totality of the limitations found by Dr. Weeks-Farnan.

**RFC Determination**

Claimant contends the ALJ's RFC assessment was flawed because he did not consider all of the functional limitations included in Dr. Hartley's and Dr. Weeks-Farnan's opinions. This Court has determined the ALJ improperly omitted these opinions, either in part or in whole, from his decision. On remand, the ALJ shall reassess his RFC determination after re-evaluating these opinions and the limitations that they found.

**Appeals Council's Failure to Weigh Medical Opinion Evidence**

Claimant contends the Appeals Council failed to properly weigh

the opinion of Dr. Theresa Farrow (referred to by the Appeals Council as Dr. Theresa Farroy). On January 23, 2012, Dr. Farrow provided a Mental Medical Source Statement. She found Claimant had an "extreme limitation," defined by the form as "unable to perform the task 75% - 100% of the time" in the following areas: (1) the ability to maintain attention and concentration for extended periods in order to perform detailed tasks; (2) the ability to adhere to a schedule and maintain regular attendance; and (3) the ability to perform at a consistent pace without an unreasonable number or length of rest periods. Dr. Farrow also found Claimant had a "marked limitation," defined by the form as "unable to perform the task up to 66% of the time" in the following areas: (1) the ability to maintain attention and concentration for extended periods in order to perform simple tasks; (2) the ability to work close to others without being distracted; (3) the ability to accept instructions and criticism from supervisors; and (4) the ability to work with others without causing distractions. Dr. Farrow also found Claimant had a "moderate limitation" meaning he could not perform the task 33% of the time in two additional function areas. (Tr. 424-25). Under the narrative comments section of the form, Dr. Farrow opined that Claimant was "not able to work a normal work week due to hallucinations, depression, paranoia, & severe anxiety with panic attacks." (Tr. 425).

The Appeals Council accepted the report as an exhibit, included it in the record, and stated that it considered the additional evidence but found no basis to change the ALJ's decision. (Tr. 1-2). No basis is provided for the rejection of the opinion contained in the report. On remand, the ALJ shall consider the report of Dr. Farrow and account for any effect this opinion has upon Claimant's RFC and functional limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 20th day of September, 2013.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma